RIVERSIDE CHEMICAL CO., INC., Respondent, v. CITY OF NIAGARA FALLS, Appellant.— Judgment affirmed, with costs. Memorandum: The testimony of the witness Rasch, which was wholly uncontradicted, and not in any respect unbelievable, furnished full explanation for the purchase by the defendant from the plaintiff of thirty-two tons of chloride of lime in a period of four weeks between January 7, 1943, and February 4, 1943. The lime was purchased on each occasion for immediate use in removing snow and ice from the streets. It was not desirable to buy in large quantities because the usefulness of chloride of lime for such purposes deteriorates rapidly. Therefore a jury finding that a single transaction involving thirty-two tons of lime was purposely divided into four sales in order to evade the provisions of subdivisions 4 and 5 of section 44 of the Charter (L. 1916, ch. 530, as amd.) would have had no support in the record. All four orders were on blanks prepared by the city with the signature of the city manager printed·thereon and signed " per E. T. Arnold, Purchasing Agent." Although not in evidence, we take judicial notice, section 344-a of the Civil Practice Act, of a resolution of the Council of the City of Niagara Falls dated January 1, 1930, authorizing the city manager to establish in his department the position of purchasing agent. Since Arnold testified that

all four orders in question were issued by him at the request of the city manager, we treat them as purchase orders issued by the city manager and therefore a substantial compliance with the provisions of subdivisions 4 and 5 of section 44 of the Charter. Although the complaint was vulnerable in failing to allege a compliance with section 84 of the Charter as to the presentation of claims, no motion was made by the defendant against this pleading on that ground. No question was raised either on the previous appeal, nor on the trial, nor on this appeal that the plaintiff failed to allege or prove compliance with section 84. It definitely appears from the record that plaintiff's claim had been rejected by the comptroller. We therefore conclude that plaintiff had complied with section 84. For the foregoing reasons the direction of a verdict by the trial court was proper. All concur. (The judgment is for plaintiff in an action to recover the purchase price of goods sold and delivered.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.