In the Matter of CANADA DRY BOTTLING COMPANY OF ENDICOTT, INC., Respondent, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Appellants.

Third Department, July 8, 1954.

*Alvin McKinley Sylvester* and *William C. Phelan* for appellants.

*Bernard H. Chernin* for respondent.

*Per Curiam.* The court at Special Term has annulled a determination of the State Liquor Authority refusing to issue a renewal in 1953 of petitioner's wholesale beer license because, on the basis of the papers before it, the court was of opinion that the Authority was arbitrary in its determination. The court has directed the issuance of the license.

The reasonableness of the Authority's action, however, rests upon a complex factual background, to the adequate evaluation of which affidavits are poorly suited. There should be a careful trial of the issues raised by the pleadings in the proceeding.

This proceeding does not review a determination of the administrative agency made after a hearing, where the record before the agency itself is reviewed; but rather it is the review of the determination of the reasonableness of the action of the Authority not the result of a hearing. Hence the issue is triable at Special Term. (*Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164, 174–175.)

The Authority's refusal to issue the renewal of the license is in part based on a failure of the petitioner to disclose truthfully,

in answer to questions in the petitioner's application, whether any stockholder had ever been arrested for a crime. It is the Authority's contention that a stockholder and director had been arrested several times on criminal charges in 1931 and had been arrested by police on suspicion in 1944, and that these arrests had not been disclosed in the renewal application in 1953 and had not been disclosed in prior applications.

Petitioner treats these purported " arrests " either as unlawful, or not for a crime, or as being informal examinations by police for matters in which the petitioner's officer had taken no criminal part and contends that these were not " arrests ". But there is a fair issue of fact raised on the nature of the police action which requires a determination whether the basis of such police action in each of the several instances was of a sufficient gravity to require disclosure in the application and whether, in turn, the failure of such disclosure was a circumstance which the Authority could properly treat as a ground for refusing to issue a license.

If one or more of the " arrests " was for a crime and based on some reasonable ground for apprehension in the State where made, we would regard it to be the duty of the petitioner to disclose this fact whether or not there was thereafter any judicial criminal proceeding and we would treat a failure of disclosure of such situation a sufficient ground for denial of the license.

The Authority is entitled to have answered truthfully and fully questions touching on the character of the licensee's stockholders and officers. (*Matter of College Point Wines & Liquors* v. *O'Connell,* 296 N. Y. 752.)

There ought to be a plenary trial on at least one other aspect of the issue between petitioner and the Authority. It is the Authority's argument that a part of the petitioner's corporate capital was furnished by persons of criminal record and background; that the books of the corporation did not fairly reflect this situation; and that the original obligation seems to continue in part to the present time in the form of personal loans from such persons assumed by one of the officers of the corporation.

The actual stock ownership in people whose record and background is questioned by the Authority occurred several years before any alcoholic beverage license was held by the corporation; but if in fact the interest of those prior stockholders continues or has continued during any license period directly or by intermediary loans for corporate purposes and such former

stockholders have in fact the criminal records and activities attributed to them, this would, in our view be a justifiable ground for refusal to issue a license. We think the judicial inquiry on this aspect of the proceeding should be thorough and plenary in scope.

During the pendency of the trial we allow the license directed to be issued at Special Term to stand on condition that petitioner move the case at the next available Special Term in Broome County and if it is not then tried for a reason attributable to the petitioner the order directing the issuance of the license shall then be vacated by the Special Term. A license for the new license period shall be issued and be operative under the same conditions unless new grounds exist for the denial thereof.

The order should be reversed and a trial of the issues directed in accordance with this opinion, with costs to abide the event.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order reversed, on the law and facts, and a new trial of the issues directed in accordance with the opinion herein, with costs to abide the event.

During the pendency of the trial we allow the license directed to be issued at Special Term to stand on condition that petitioner move the case at the next available Special Term in Broome County and if it is not then tried for a reason attributable to the petitioner the order directing the issuance of the license shall then be vacated by the Special Term.

A license for the new license period shall be issued to be operative under the same conditions unless new grounds exist for the denial thereof.