In the Matter of GEORGE N. JOHNSON, Appellant, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles, Respondent.

Third Department, July 10, 1956.

*Walter J. Wiggins* for appellant.

*Jacob K. Javits, Attorney-General (William S. Elder, Jr., James O. Moore, Jr., Joseph H. Murphy* and *Philip J. Fitzgerald* of counsel), for respondent.

GIBSON, J. Petitioner was convicted of speeding, in violation of the provisions of subdivision 4 of section 56 of the Vehicle and Traffic Law. This being his third conviction of speeding violations committed within 18 months, the Commissioner of Motor Vehicles revoked his operator's license (Vehicle and Traffic Law, § 71, subd. 2, par. [c]). Petitioner thereupon brought this proceeding and from the Special Term's adverse determination this appeal was taken.

The petition alleges two grounds for the relief sought, first, that upon the arraignment preceding the third conviction the Magistrate failed to comply with the provisions of section 335-a of the Code of Criminal Procedure by informing petitioner that, upon conviction, his license and certificate of registration would be subject to suspension or revocation as provided by law, and, second, that the Magistrate advised him that a prior conviction of speeding, in violation of a local ordinance, " would not be counted against " him. Attached to the petition are affidavits of two passengers which support the allegations of the petition as to both grounds and, in addition, the affidavit of the Magistrate which is silent as to compliance with section 335-a but states that the affiant did advise petitioner that the prior conviction under a village speeding ordinance " would not be recognized as a speeding violation and therefore would not be counted against him ". Upon the certificate of conviction filed with the commissioner, the Magistrate stated that the instruction required by section 335-a had been given.

Upon arraignment, petitioner pleaded not guilty, obtained an adjournment and was later convicted after a trial upon which he was not represented by counsel. He alleges in his petition that he proceeded without an attorney to avoid legal expense and loss of working time and because of the Magistrate's erroneous statement as to the effect of the prior conviction under the village ordinance.

The Special Term found that the Magistrate had complied with section 335-a and held that the second ground of the application, relating to the Magistrate's erroneous statement, constituted a collateral attack upon the judgment of conviction and that petitioner had a remedy by motion in the nature of a writ of error *coram nobis* but none in this proceeding.

The Special Term was not warranted, in our view, in determining the question of compliance with section 335-a solely on the pleadings and the documentary proof which accompanied them. The papers were sufficient to raise a substantial issue as to the reasonableness of the commissioner's action and since

he did not act after a hearing, there was no record for the Special Term to review and a trial was necessary. (*Matter of Canada Dry Bottling Co.* v. *O'Connell,* 284 App. Div. 370, affd. 308 N. Y. 778.) The opinion in *Matter of Arcuri* v. *Macduff* (286 App. Div. 17) in which the decision was later vacated as moot (1 A D 2d 733), remains expressive of our views. There, upon facts similar to those here involved, we referred to the commissioner's duty to become satisfied that section 335-a had been complied with (Vehicle and Traffic Law, § 71, subd. 6) and we then held necessary a trial of the issue as to such compliance, looking to the "ultimate question * * * whether the action of the commissioner was arbitrary or capricious" (pp. 22–23). Accordingly the matter must be remitted to the Special Term.

Should the Special Term find that the Magistrate gave the warning required by section 335-a, it must then determine whether or not the effect of the conceded misstatement by the Magistrate as to the village ordinance violation was, in the light of the facts and circumstances found to have existed at the time, to vitiate the warning and render it ineffectual for the purpose of complying with the statute. That question we may not determine as a matter of law, in the absence of proof of the circumstances existing at the time of the misrepresentation. The legal effect of the misrepresentation must be appraised in its factual setting.

The conclusion that petitioner's remedy on account of the misrepresentation is not restricted to a motion, *coram nobis,* as held by the Special Term and urged by respondent, no more than reaffirms the necessary implication of our holding in *Matter of Arcuri* v. *Macduff* (286 App. Div. 17, *supra*).

Respondent's further contention that the warning required by section 335-a is required only when a plea of guilty is to be accepted, while once debatable, appears to us as now untenable in view of the language of the statute in its present amended form. The same theory was advanced unsuccessfully in the Fourth Department in the recent case of *Matter of Astman* v. *Kelly* (1 A D 2d 449) in which the history of section 335-a was outlined and its present intendment clearly construed.

The order should be reversed, and the matter remitted to the Special Term, with $50 costs.

Foster, P. J., Coon, Halpern and Zeller, JJ., concur.

Order reversed and matter remitted to the Special Term, with $50 costs.