Henry A. Hudson, J.
The petitioner herein has been convicted of three speeding charges, upon his plea of guilty, within a period of 18 months, the first on February 9, 1953; the second on February 3, 1954, and the third on April 3, 1954. The respondent, pursuant to the mandatory provisions of section 71 (subd. 2, par. [e]) of the Vehicle and Traffic Law of the State of New York and section 94-a thereof revoked petitioner’s license and suspended his certificate of registration on November 3, 1955, over one and one-half years subsequent to his plea of guilty on April 3, 1954.
In this proceeding, brought under article 78 of the Civil Practice Act, petitioner seeks to have the determination of the Commissioner of Motor Vehicles set aside and rescinded upon the grounds:
(1) That petitioner was not advised that his speeding conviction of April 3, 1954 was a third speeding conviction within an 18-month period which would mandatorily result in the revocation of his operator’s license and the suspension of his motor vehicle registration;
(2) That petitioner was specifically informed that his conviction of April 3, 1954 was a second offense only;
*43 (3) That petitioner was not advised of his rights under section 335-a of the Code of Criminal Procedure;
(4) That petitioner would not have pleaded guilty to the charge on April 3, 1954 had he not been advised that he would be a second offender only.
In this proceeding, in support of petitioner’s application, an affidavit of the Magistrate is submitted in which it is stated under oath:
“2. On April 3, 1954 one Charles D. Creen appeared before deponent and was charged with speeding in violation of New York Vehicle and Traffic Law Sec. 56, suK 3.
“3. The defendant, Creen, was advised that if he.plead guilty he would be a second offender. He was further advised that one more speeding violation within an eighteen month period would result in the mandatory revocation of his license.
“4. The defendant, Creen, plead guilty as a second speeding offender and was fined Fifty Dollars ($50.00).”
The certificate of conviction attached to the answer of the respondent specifies the offense as “ speeding second offense ”. The certificate also contains a “Yes” answer to the form question, whether the accused had been informed as required by section 335-a of the Code of Criminal Procedure. In view of the affidavit of the Justice of the Peace above set forth and the notation of the Justice upon the certificate of conviction that it was for ‘ ‘ speeding, second offense ” it is reasonable to assume that the Justice was referring to his advice to the defendant that he was only being charged with the offense of speeding as a second offender and that another conviction was required before a mandatory revocation.
The answer of the respondent admits that the conviction which resulted in the revocation was as a second offender but further alleges in paragraph 8 thereof that although the certificate of conviction was for speeding, second offense, nevertheless the certificate by the Justice certifies that he had given the defendant information required by the Code of Criminal Procedure under section 335-a and therefore the revocation was mandatory. Neither the petitioner nor the respondent offered or asked to offer any proof.
The respondent contends that inasmuch as the petitioner had three convictions of speeding within a period of 18 months a mandatory revocation is required by the statute and that it is immaterial that the Justice of the Peace misinformed the petitioner as to his rights or that the Justice of the Peace charged the petitioner with speeding, second offense, accepted *44 his plea of guilty and imposed the fine for that offense. Inasmuch as no proof has been offered by the respondent to the contrary this court has no reason to disbelieve the statement under oath of the petitioner that he relied upon the statement of the Justice that his license would not be subject to revocation unless he was guilty of a further charge of speeding within an 18-month period.
While it may well be argued that the petitioner should have been aware of the number of convictions which appeared upon his operator’s license, it can hardly be said he was being advised of his rights under section 335-a when the Justice advised him that his license would not be revoked unless he had one more speeding violation within an 18-month period. The provisions of subdivision 6 of section 71 of the Vehicle and Traffic Law give adequate authority to the Commissioner of Motor Vehicles to ignore the mandatory revocation provision of section 71 in the event that he is satisfied that the magistrate pronouncing judgment failed to comply with section 335-a of the Code of Criminal Procedure and in fact directs the commissioner, if he is satisfied of such failure, to restore a license which has already been revoked. In this case the information came to the knowledge of the commissioner when the petition was served upon him and when the affidavit of the Justice of the Peace above set forth came to his attention or to the attention of those representing him. I cannot subscribe to the proposition that the last paragraph of subdivision 6 of section 71 of the Vehicle and Traffic Law has no meaning and can be ignored by the commissioner upon the theory that he has no alternative if there have been three convictions of speeding of an operator within an 18-month period but to mandatorily revoke the license regardless of the circumstances under which a magistrate advised the operator of his rights under section 335-a of the Code of Criminal Procedure. This proposition received full consideration in Matter of Arcuri v. Macduff (286 App. Div. 17), at page 22 where the court stated: “ the statute is explicit in authorizing and requiring the commissioner to look into the matter and satisfy himself that the Magistrate had complied with the statute. There is no provision in the statute for the holding of a hearing by the commissioner but he may make such inquiry as he thinks proper. He may, of course, in the first instance, accept the certification by the Magistrate that the warning had been given as ‘ presumptive evidence ’ of compliance with the statute (Vehicle and Traffic Law, § 70, subd. 11) but he may receive other proof on the subject. If by reason of such other proof, *45 he is satisfied that the Magistrate had ‘ failed to comply with section three hundred thirty-five-a ’, he is not to issue an order of suspension or revocation (Vehicle and Traffic Law, § 71, subd. 6). Furthermore, if the commissioner discovers, after he has issued an order of revocation or suspension, that there had not been compliance with section 335-a, notwithstanding the certification of compliance by the Magistrate, the commissioner is required to rescind the order (Vehicle and Traffic Law, § 71, subd. 6).” Although this decision was later vacated on the ground that it had become moot (1 A D 2d 733), it has been cited with approval, in the Fourth Department in Matter of Hubbell v. Macduff (1 A D 2d 407) and in respect to the above quotation as to the commissioner’s obligation under subdivision 6 of section 71 by Justice Sullivan in Matter of Scalia v. Kelly (2 Misc 2d 282) at page 288. I am in accord with the reasoning of the courts in these various decisions.
In respect to the contention of the petitioner that he was improperly advised of his rights and that he was entitled to rely upon the advice given to him by the Magistrate even though erroneous, this question has also been recently considered by the court in Matter of Scalia v. Kelly (supra). In that case the Justice of the Peace advised the petitioner that the conviction would not have any effect upon his license insofar as revocation or suspension was concerned. In Matter of Arcuri v. Macduff (286 App. Div. 17, supra), cited by Justice Sullivan in his decision in the Scalia case (supra), Justice Halpern stated, at page 21: “It may well be, as the petitioner contends, that, if the Magistrate nevertheless undertakes to give advice, he must give it accurately and erroneous advice may, under some circumstances, have the effect of vitiating the statutory warning.” The court did not pass upon that question in the Arcuri case but the expression indicates rather clearly the court’s thinking on the subject.
In my opinion, in the event that a magistrate elects to inform a defendant as to his rights and status before accepting his plea and advises him incorrectly, such defendant has not been properly advised of his rights as required by section 335-a of the Code of Criminal Procedure.
As heretofore stated, no proof was offered by the respondent and the court did not set this matter down for the purpose of receiving evidence. In the event that the respondent should desire to submit evidence to the court, an application for permission to do so will be entertained and granted by the court at any time within 20 days from the service of the order hereinafter directed.
*46 The order of the Commissioner of Motor Vehicles revoking petitioner’s operator’s license and suspending his registration is annulled, rescinded and set aside upon condition that the effective date of the order shall be 20 days after the date of service of a copy thereof upon the respondent during which 20-day period application for the submission of evidence to the court and for a hearing thereon may be made. The order is granted, without costs to either party.