Herbert D. Hamm, J.
This is a proceeding in the nature of mandamus under article 78 of the Civil Practice Act to annul the revocation of the petitioner’s operator’s license.
The petition alleges the petitioner’s convictions of speeding on September 25, 1956, on June 3, 1957, and on March 28, 1958. These three convictions were not within a period of 18 months. However, the respondent’s answer alleges that the conceded conviction of September 25, 1956, was for speeding on September 15, 1956, that the conceded conviction of June 3, 1957, was for speeding on May 23, 1957, and that the conceded conviction of March 28, 1958, was for speeding on November 4, *210 1957. The violations, as pleaded, were within 18 months. No reply has been served to the new matter in the respondent’s answer setting forth the dates on which the offenses were committed. Hence the allegations are required to be deemed admitted (Civ. Prac. Act, § 1292; Matter of Bering v. Patterson, 2 A D 2d 820; Matter of Restivo v. Degnan, 191 Misc. 642, 646, per Halpern, J.; Moreland v. Areson, 22 N. Y. S. 2d 309, 312, per Van Voorhis, J.). After service of the answer an affidavit was submitted but this affidavit does not dispute the commission dates alleged in the answer and appearing in the certificates of conviction annexed to the answer; it merely complains of alleged technical defects in the certificates of conviction.
It is provided in subdivision 2 of section 71 of the Vehicle and Traffic Law and more particularly in paragraph (c) thereof: 1 ‘ Such licenses must be revoked * * * where the holder is convicted * * * of a third or subsequent violation, committed within a period of eighteen months, of any provision of section fifty-six of this chapter any ordinance or regulation limiting the speed of motor vehicles and motor cycles or any provision constituted a misdemeanor by this chapter, not included in (a) or (b) hereof whether such three or more violations were repetitions of the same offense or were different offenses.” The language of the statute is clear and unmistakable. It refers to a conviction of a third violation committed (emphasis supplied) within a period of 18 months and not to a third conviction had within such period.
On the reverse side of the certificates of conviction are certifications that the warning required by section 335-a of the Code of Criminal Procedure was given. One and possibly two of these certifications are incomplete.
“ So far as section 335-a is concerned, the statute is explicit in authorizing and requiring the commissioner to look into the matter and satisfy himself that the Magistrate had complied with the statute. There is no provision in the statute for the holding of a hearing by the commissioner but he may make such inquiry as he thinks proper. He may, of course, in the first instance, accept the certification by the Magistrate that the warning had been given as ‘ presumptive evidence ’ of compliance with the statute (Vehicle and Traffic Law, § 70, subd. 11) but he may receive other proof on the subject. ’ ’ (Matter of Arcuri v. Macduff, 286 App. Div. 17, 22.)
The commissioner is not required to act solely on the basis of a certification that warning was given. Such certification is merely presumptive evidence. The commissioner, may consider any other proof (Matter of Arcuri v. Macduff, 286 App. Div. 17, *211 22, supra). As a matter of fact, if the commissioner discovers after he has issued an order of revocation, that there has not been compliance with section 335-a, notwithstanding the certification of compliance by the magistrate, he is required to rescind the order (Vehicle and Traffic Law, § 71, subd. 6). Subdivision 6 of section 71 further provides that no revocation shall be made because of a judgment of conviction if the commissioner is satisfied that the magistrate who pronounced the judgment failed to comply with section 335-a of the code. It is implicit in the commissioner’s order of revocation that the commissioner was satisfied that there had been compliance by the magistrate. However, regardless of the quantum of proof before the commissioner, where there is controversy as to compliance with section 335-a, the action of the commissioner is reviewable by a proceeding under article 78 in the nature of mandamus (Matter of Arcuri v. Macduff, 286 App. Div. 17, supra; Matter of Johnson v. Kelly, 2 A D 2d 213; cf. Matter of Woodard v. Macduff, 5 A D 2d 26), trial of the factual issues must be held at Special Term and, if it is found that the required warning was not given, the proceeding under article 78 may be resolved by a determination that the action of the commissioner was arbitrary.
But in this case the petitioner nowhere alleges noncompliance with section 335-a. The petitioner’s papers consist of his petition and an affidavit by one of his attorneys ‘1 in support of ” his petition. It is nowhere alleged in the petition or in the affidavit that as to any one of the three convictions the warning required by section 335-a was not given. As the petitioner has failed to allege noncompliance there is no issue to be tried at Special Term.
The petition is dismissed. Submit order to Troy on three days’ notice. The motion papers will be forwarded with the signed order.