G. Robert Witmer, J.
Petitioner’s license has been revoked by the Commissioner of Motor Vehicles because of three speeding violations within 18 months (Vehicle and Traffic Law, § 71, subd. 2). The basis of his application to annul and vacate the Commissioner’s action is that he was convicted of the third violation upon his plea of guilty after the Justice of the Peace read to him the statutory warning as provided in section 335-a of the Code of Criminal Procedure, at which time the Justice looked at petitioner’s driver’s license on which the first conviction was not noted, and the Justice warned petitioner that if he were convicted again he would lose his license. Petitioner contends that the failure of the Magistrate before whom he was first convicted to mark the conviction on his license caused him to forget it and was the basis of the advice given to him by the Justice of the Peace on his third conviction. He asserts that such advice was erroneous, resulted in the Commissioner’s revocation of his license, and hence is ground for the court to annul the Commissioner’s order. In support of this position he cites Matter of Scalia v. Kelly (2 Misc 2d 282); Matter of Green v. Kelly (8 Misc 2d 41) and Matter of Arcuri v. Macduff (286 App. Div. 17).
It is difficult to understand how petitioner gets comfort out of the Macduff case (supra) on which he relies. There, although the court at page 21 stated that if the Magistrate undertakes to give advice and does so erroneously it may vitiate the effect of the statutory warning, it added: ‘ ‘ However, we need not pass upon that question in this case, since it appears that the opinion expressed by the Magistrate was an accurate one upon the basis of the facts supplied to him by the defendant. The defendant gave the Magistrate his license which showed only one prior conviction for speeding and the Magistrate correctly stated that a second conviction for speeding could not, of itself, result in a revocation or suspension of his license. The defendant was the only one in the courtroom at the time of the arraignment who knew that, if he were convicted, it would be a third and not a second conviction for speeding. The statutory warning had been read to him and he is presumed to have been familiar with the provisons of the Vehicle and Traffic Law and, and in the absence of any erroneous or misleading advice by the Magistrate, the defendant must be charged with full responsibility for the consequences of his plea of guilty to the charge. ’ ’
*1056 The facts in the instant proceeding fit precisely the situation •referred to in the above quotation. The petition is, therefore, dismissed. (Matter of Banks v. Kelly, 6 A D 2d 512.)
Submit order accordingly.