FOURTH DEPARTMENT, MAY, 1959

(May 6, 1959)

■ In the Matter of CLIFFORD FORREST et al., Appellants, against WILLIAM EVERSHED et al., Constituting the Zoning Board of Appeals of the Town of Irondequoit, Respondents, and JOHN J. O'CONNELL et al., Intervenors-Respondents.

APPEAL from an order of the Supreme Court at Special Term, entered November 20, 1958, in Monroe County, which (1) denied a motion by petitioners for an order annulling a determination granting a zoning variance and (2) denied a motion for reargument.

Final order affirmed, without costs.

HALPERN, J. (dissenting). I do not think that the proof before the Zoning Board of Appeals was adequate to warrant a variance under the rule laid down in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71) as reiterated in *Matter of Crossroads Recreation* v. *Broz* (4 N Y 2d 39). The applicants claimed that they were unable to sell the vacant land in question for residential pur-

poses because it was adjacent to a brick building formerly used as a Masonic Temple and at present used as a Synagogue. Upon this ground, the board granted a variance, permitting the erection of a two-story medical office building in a residential zone. The applicants did not offer any evidence as to the amount which they had asked for the vacant land, or the amount of any offers which they had turned down or the relation between these amounts and the fair market value of the property. In their brief in this court, the applicants (the intervenors-respondents here) take the bold position that "there is nothing either in the Statute or the decisions of the Courts which oblige the Board to require testimony of a specific dollar valuation of the premises or the precise details of the manner in which it had been offered for sale". I believe that this statement is contrary to the law and that a Zoning Board has no power to grant a variance for the use of vacant land, upon the ground that the land could not be sold at a reasonable price for a use permitted by the ordinance, unless there is specific proof before the board with respect to the market value of the land, the efforts made to sell it and the highest price which could be obtained for it by the exercise of reasonable diligence. There must be "dollars and cents" proof (*Matter of Crossroads Recreation* v. *Broz, supra,* p. 44).

There was another basic deficiency in the proof before the board invalidating its determination. The zoning ordinance permitted the use of property in the district in which the land in question was located, for a variety of purposes, in addition to residential purposes. There was no proof by the applicants that the land could not be sold at a reasonable price for one of these purposes.

Finally, the Special Term erred in refusing to hold a hearing and to take proof. The affidavits attached to the petition demonstrated that the applicants had refused reasonable offers for the purchase of the property and had impaired their ability to sell the property by attaching unwarranted conditions to their offers to sell. The Special Term recognized that the affidavits tended "to refute owners' position", but it nevertherless proceeded to decide the case without holding a hearing. The court was apparently under the impression that it could not consider any matters which were not "available to the Board at the time it determined to grant a variance". As we have recently pointed out, a review of a decision of a zoning board of appeals resembles mandamus to some extent rather than certiorari. "In recognition of 'the rather informal procedure' before zoning boards, the Legislature has provided 'a further and more formal and judicial review by the Supreme Court * * * in some circumstances' (*People ex rel. St. Albans-Springfield Corp.* v. *Connell,* 257 N. Y. 73, 80)". (*Matter of Joynt* v. *King,* 6 A D 2d 234, 239.) In a proceeding in the nature of mandamus, there must be a trial at Special Term if the petition raises a genuine and material question of fact (Civ. Prac. Act, § 1295; *Matter of Arcuri* v. *Macduff,* 286 App. Div. 17, 23). While, in a hybrid proceeding to review a zoning board decision, there is no absolute right to a hearing at Special Term, the court should take proof under section 267 of the Town Law "whenever the court finds that further proof is necessary to clarify or supplement the evidence before the board, in order to enable it to determine whether the board's decision was arbitrary" (*Matter of Joynt* v. *King, supra,* 239). The Special Term's attention was specifically directed to section 267 of the Town Law upon the motion for reargument but the court refused to rehear the matter, upon the erroneous ground that its original decision was *res judicata.* In my opinion, the refusal to hold a hearing and to take proof, under the circumstances of this case, constituted an abuse of discretion as a matter of law.

Upon the ground last given, I would reverse the order appealed from and remit the matter to the Special Term for the holding of a hearing but, in view of the fact that it clearly appears that the decision of the Zoning Board of Appeals was arbitrary and in excess of its powers, even without taking into consideration the additional matters offered to be proved by the petitioners, I vote to reverse the order appealed from and to annul the determination of the Zoning Board of Appeals.

All concur, except Halpern, J., who dissents and votes for reversal in an opinion. Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

Final order affirmed, without costs.