Bernard Tomson, J.
By this application in the nature of coram nobis the defendant seeks to set aside a judgment of conviction and sentence. The information charged that the defendant, in violation of .subdivision 4 of section 1180 of the Vehicle and Traffic Law had, on October 30, 1960, exceeded the speed limit established by the New York State Traffic Commission. On January 11,1961 the defendant was, after trial, found guilty and fined $10. The time to appeal has long since expired.
The defendant relies on People v. Cull (10 N Y 2d 123), decided by the Court of Appeals on July 7, 1961, which held that the failure to file with the Department of State an “ order ” of the *410 State Traffic Commission establishing a speed limit rendered the “ order ” “ ineffective ”. The court thereupon affirmed the judgment of the County Court, which had reversed the conviction law, and dismissed the information,
The opinion by Judge Fuld in the Gull ease states: “ The defendant was apprehended for driving on a state highway at 46 miles an hour in a zone where the State Traffic Commission had announced, by a so-called ‘ order ’, that the speed should not exceed 35 miles. He was charged with a violation of section 56, subdivision 4, of the former Vehicle and Traffic Law which renders such driving unlawful. His conviction by a justice of the peace was reversed by the county court upon the ground, specifically raised by the defendant, that the commission’s order imposing the speed limit had not been filed with the Department of State as required by a provision of the State Constitution ” (p. 125, emphasis supplied).
The language of the Court of Appeals indicates a requirement for the information to be dismissed on the ground urged for dismissal in the Cull case, that it be “ specifically raised by the defendant ’ ’. This would follow from the presumption of regularity that attaches to executive orders, rules or regulations. (Mottla, Proof of Cases in New York [1954], §§ 224, 260; Richardson, Evidence [8th ed.], §§ 71, 634.) However, the presumption is rebuttable and, here if properly raised, the defense that the “order” was not properly filed could have resulted in a dismissal at the trial or on appeal.
. However, we are not concerned with the probability of the defendant’s success had he timely interposed his defense or exercised his right of appeal. The question here to be determined is whether People v. Cull (supra) requires that the coram nobis application be granted.
If the defendant failed to point out the deficiency in filing the “ order ”, the writ of error coram nobis does not lie to correct the defendant’s failure at the trial to take advantage of an available defense. This is particularly appropriate where the defendant, as the record indicates in the Cull ease, could have urged the appellate court for the first time to take judicial notice of the failure to file with the Department of State. (See Civ. Prac. Act, § 344-a, sub. 5, par. D; Riverside Chem. Co. v. City of Niagara Falls, 270 App. Div. 1073; Matter of Bethlehem Steel Co. v. Joseph, 284 App. Div. 5; Matter of Chase Manhattan Bank v. Scarborough, 9 N Y 2d 875.)
Nor is coram nobis available if the defense had been raised in the lower court and an erroneous determination had been made below, since on appeal the error of law would have been apparent *411 on the face of the record. In People v. Sullivan (3 N Y 2d 196, 197-198) the Court of Appeals said: “A writ of cor am nobis may not be invoked to show an error of law apparent on the face of the record. On the day of the sentence, conceding the defendant’s claim to be true, it was possible to ascertain from the record alone whether the mandate of section 480 of the Code of Criminal Procedure was followed. Hence the defendant’s claim was reviewable upon an appeal of the judgment of conviction (People v. Nesce, 201 N. Y. 111; People v. Craig, 295 N. Y. 116). Therefore, the defendant may not be permitted to forego his right of appeal from the judgment and resort to the remedy of coram nobis (Matter of Morhous v. Supreme Ct., 293 N. Y. 131; Matter of Hogan v. Court of General Sessions, 296 N. Y. 1). Coram nobis is available only in cases which ‘ involve the abrogation— without adequate remedy — of fundamental precepts either going to the jurisdiction of the court or resulting in the perpetration of a fraud upon the court. (People v. Sadness, 300 N. Y. 69, 73-74.) ”
Particularly helpful is the language found in the concurring opinion of Judge Fuld (p. 200): “ It is difficult, if not impossible, to define the precise limits of coram nobis, but there is a general guiding principle at hand. In determining whether or not the remedy may be invoked, we should have in mind, as Judge Burke has noted, that the writ is an emergency measure born of necessity to afford a defendant a remedy against injustice when no other avenue of judicial relief is, or ever was, available to him. In the present case, other courses to remedy the asserted error were open to Sullivan and, accordingly, coram nobis may not be utilized. On the other hand, in People v. Silverman (infra, p. 200), any other remedy available to the defendant in that case would not have been adequate and for that reason recourse to the writ was proper.”
We may not consider the fact that since the decision in People v. Cull (supra) other defendants have successfully urged the identical defense at the time of pleading, trial or on appeal. (Cf. People v. Caminito, 3 N Y 2d 596, where two of three defendants succeeded on appeal while the third codefendant, who had not appealed, sought similar relief by way of coram nobis while serving a prison sentence.) At page 601 the court said:
“Not having participated in the appeals prosecuted by his codefendants, Noia is not entitled to the beneficial results that they obtained. Some years ago, we held that the nonappealing codefendants of one whose conviction was reversed on appeal have ‘ no remedy * * * through the court ’; the judgments recorded against them ‘ stand ’ and ‘ they must serve their sen- *412 fences. ’ (People v. Rizzo, 246 N. Y. 334, 339.) Their only recourse, the court observed, was to the Governor for executive clemency.
“ Nor does the revitalization of cor am nobis in this state since 1943 (see Matter of Lyons v. Goldstein, 290 N. Y. 19) change that and afford Noia a remedy in the courts. We have already adverted to the fact that at the trial the defendant claimed that his confessions were procured through coercive methods. The court left that question to the jury and, when its finding proved adverse to his contention and a judgment of conviction was rendered against him, Noia could have had the issue reviewed, as did his codefendants, on appeal and in the subsequent proceedings. His failure to pursue the usual and accepted appellate procedure to gain a review of the conviction does not entitle him later to utilize the present day counterpart of the extraordinary writ of error coram nobis. (See, e.g., People v. Sullivan, 3 N Y 2d 196, 198.) And this is so even though the asserted error or irregularity relates to a violation of constitutional right. (See Davis v. United States, 214 F. 2d 594, 596, cert, denied 353 U. S. 960; Howell v. United States, 172 F. 2d 213, 215, cert. denied 337 U. S. 906.) While the scope of coram nobis has been somewhat expanded beyond its original office (see, e.g., People v. Shaw, 1 N Y 2d 30; People v. Kronick, 308 N. Y. 866), it still remains an emergency measure employed for the purpose for which it was initially designed,, of calling up facts unknown at the time of the judgment. The present, quite obviously, is not such a case.”
It would appear that the strictures placed on the application of the writ of coram nobis require that the motion be denied.