In the Matter of FRED ZOLL, Respondent, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Third Department, March 19, 1964.

*Louis J. Lefkowitz, Attorney-General* (*Philip J. Fitzgerald* and *Paxton Blair* of counsel), for appellant.

*John J. Randazzo, Jr.,* and *Arthur B. Lanphier* for respondent.

TAYLOR, J. In this article 78 [Civ. Prac. Act] proceeding the Commissioner of Motor Vehicles of the State of New York appeals from an order of the Supreme Court at Special Term which directed "a trial of the issue of fact as to whether the Justice of the Peace advised petitioner as required by Section 335-a of the Code of Criminal Procedure" and granted permission to appeal to this court. (Civ. Prac. Act, § 1304; see, also, CPLR 5701, subd. [c].)

On January 27, 1963 petitioner entered pleas of guilty in the Justice's Court of the Town of Schodack, Rensselaer County, to charges of operating an unregistered and uninsured motor vehicle upon a public highway. (Vehicle and Traffic Law, §§ 319, 401.) Some two months later upon receipt of a certificate of petitioner's conviction of the latter charge, the Commissioner revoked his operator's license. Upon allegations that he had not committed the offense and had not been informed by the Magistrate at the time of his arraignment that a plea of guilty was equivalent to a conviction after trial and that, if he was convicted, his driver's license and certificate of registration were "subject to suspension and revocation as prescribed by law" (Code Crim. Pro., § 335-a), petitioner instituted the instant proceeding to review and annul the determination.

The answer of the Commissioner alleges that the statutory warning had been given. He also contends that the receipt of evidence of the operation of an uninsured motor vehicle on the public highway by petitioner in the nature of his admission of guilt recited in the certificate of conviction mandated revocation in any event. (Vehicle and Traffic Law, § 318, subd. 2, par. [a].)

In our view a trial of the issue of compliance with section 335-a is necessary. Should it be found that there was a failure to give the requisite admonition the mandamus provisions of article 78 of the Civil Practice Act would then be available not to test the validity of the conviction itself but to challenge the action taken with the view of determining the central issue whether the use by the Commissioner of the plea of guilty if entered for reasons other than fault and without an awareness of its mandatory consequences as the sole evidentiary basis for

revocation was arbitrary or capricious. Authorities dealing with mandatory revocations based on judgments of conviction (Vehicle and Traffic Law, § 510, subd. 6) by analogy support this view. (See *Matter of Arcuri* v. *Macduff*, 286 App. Div. 17, 22–23 [vacated on other grounds 1 A D 2d 733]; *Matter of Johnson* v. *Kelly*, 2 A D 2d 213; *Matter of Hubbell* v. *Macduff*, 2 N Y 2d 563.)

Special Term properly entertained the proceeding and directed a preliminary trial of the issue of fact as to compliance with section 335-a on the occasion of respondent's conviction.

The order appealed from should be affirmed and the proceeding remitted accordingly.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order affirmed, without costs, and proceeding remitted.