Bernard Tomson, J.
This is an application (apparently of first impression) in the nature of coram nobis to set aside the petitioner’s conviction on the ground that “at no time was your petitioner advised of his rights to have this matter presented to the Grand Jury pursuant to Code of Criminal Procedure Section 57 and 58.”
The petitioner and his wife were arraigned on January 12, 1961, on an information charging them with violations of sections 986 and 986-b of the Penal Law. They were then represented by counsel. There was interposed a plea of not guilty and the matter was set down for trial. Coneededly, the defendants were not advised by the court as to sections 57 and 58 of the Code of Criminal Procedure.
On March 3, 1961, the petitioner withdrew his plea of not guilty and interposed a plea of guilty. The information was dismissed as to the petitioner’s wife, his plea “ being in satisfaction.” The defendant was then fined on two counts and sentenced on the third count to one year in the Nassau County Jail, execution of which was suspended. No appeal was taken by the petitioner from the judgment of conviction thereupon entered. It is urged that had an appeal been taken People v. Haskell (9 N Y 2d 729) would have required a reversal. The question here presented is whether that case would also here require that the conviction be set aside on this coram nobis application. (Parenthetically, it should be noted that the record of appeal reveals that Haskell was not represented by counsel at his arraignment.)
In People v. Haskell (supra, p. 730) the Court of Appeals said:
“the failure of the court to inform the defendant of his rights under section 58 of the Code of Criminal Procedure requires reversal. The requirements of the section are mandatory and not merely directory, and are not waived by defendant’s plea of guilty.
“The judgment should be reversed and the case remitted to the trial court for further proceedings.”
*774 The statement of the court that the requirements are “ mandatory ” is matched by similar language in other cases respecting requirements imposed by sections 335-a and 335-b of the Code of Criminal Procedure. (Matter of Hubbell v. Macduff, 2 N Y 2d 563; Matter of Arcuri v. Macduff, 286 App. Div. 17; Matter of Arcuri v. Macduff, 1 A D 2d 733; People v. Schulman, 13 A D 2d 441; People ex rel. McIntosh v. Fay, 18 A D 2d 175.)
Where similar mandatory requirements were disregarded, the courts have not (even on appeal) always vacated a conviction. Of. Matter of Astman v. Kelly (2 N Y 2d 567, 573) where the court held ‘1 that petitioner was not prejudiced in respect to a substantial right by virtue of the City Court Judges’ failure to impart the warning provided under section 335-a of the Code of Criminal Procedure ”. In People v. Oboler (276 App. Div. 908) the court held the mandatory requirement relative to section 335-a obviated because the defendant’s license already had been suspended. In People v. Duell (1 N Y 2d 132, 135) the court said:
“ Representation by counsel does not relieve the magistrate of the duty of complying with the mandate of the statute. (Matter of De Lynn v. Macduff, 305 N. Y. 501; People v. Grogan, 281 App. Div. 706.) But the intendment of this legislative rpandate is the accomplishment of a meaningful act, rather than the performance of a meaningless ritual * * *
“ The purpose of section 335-a of the Code of Criminal Procedure was to afford protection to those possessing the right of legally driving or owning motor vehicles. Since the defendant here did not possess the right, having been convicted twice previously for driving while intoxicated, there was no reason for an instruction as to the possible deprivation of the right. (Vehicle and Traffic Law, § 94-a.)
“As the unlicensed status has been admitted, the failure of the record to show that the District Attorney and the County Judge demanded proof of possession of a license or registration upon arraignment1 may not be availed of or resorted to by the defendant as a ground for reversing this conviction.”
Coram nobis was denied when the provisions of section 335-b were not complied with in People v. Levy (18 A D 2d 1017). There the majority of the court stated: “ Defendant’s application was based on the trial court’s failure to comply with the provisions of section 335-b of the Code of Criminal Procedure. In our opinion, while the court’s failure to invoke the statutory provisions (Code Grim. Pro., § 335-b) constituted a deprivation *775 of a substantial right to which defendant was entitled {People v. Schulman, 13 A D 2d 441; People ex rel. McIntosh v. Fay, 18 A D 2d 175), coram nobis to correct such error or irregularity does not lie. Where, as here, defendant previously appealed from the judgment of conviction and could have pressed the error on such appeal but failed to do so, he is thereafter precluded from resorting to coram nobis by reason of said error (People v. Sadness, 300 N. Y. 69). Under such circumstances, even though the error or irregularity relates to the claimed violation of a constitutional right, coram nobis is unavailable; it must be limited to 1 calling up facts unknown at the time of the judgment ’ (People v. Caminito, 3 N Y 2d 596, 601).”
The concurring memorandum reads (p. 1018): “After a jury trial at which he was represented by counsel, defendant was convicted. His conviction was affirmed on appeal (11 A D 2d 784). In my opinion, he was not prejudiced in respect to a substantial right by virtue of the failure to impart the warning prescribed by section 335-b of the Code of Criminal Procedure (Matter of Astman v. Kelly, 2 N Y 2d 567, 573).”
See, also, People v. Bailey (20 A D 2d 734) where a denial of a coram nobis application was affirmed although the defendant was not advised as to the provisions of section 335-b, the court holding that the defendant was not ‘ ‘ in any way prejudiced ’ ’ (cf. however, People v. Fay, 20 A D 2d 675, where the trial court’s failure to comply with the requirements of section 335-lb resulted in the Appellate Division sustaining a writ of habeas corpus).
It would appear that prejudice to the defendant must be demonstrated before the relief sought may be granted. No such showing is to be found in the papers. Even if an appeal, timely taken, would have resulted in a reversal, it does not necessarily follow that coram nobis lies. See People v. Schwartz (31 Misc 2d 409, affd. 12 N Y 2d 753, 755) where the Court of Appeals said: ‘ ‘ An application in the nature of a writ of error coram nobis may not be employed to perform the office of an appeal or of a motion in arrest of judgment. (See, e.g., People v. Sullivan, 3 N Y 2d 196, 198.) ” This application is denied.