19 N.Y.2d 186 (1967)
In the Matter of Vilabar Cafe, Inc., Respondent,
v.
State Liquor Authority, Appellant.
Court of Appeals of the State of New York.
Argued January 4, 1967.
Decided February 23, 1967.
Emanuel D. Black, Hyman Amsel and Hyman Mark for appellant.
Irving P. Zelman and Benjamin M. Zelman for respondent.
Chief Judge FULD and Judges VAN VOORHIS, SCILEPPI, BERGAN, KEATING and BREITEL concur.
*190 BURKE, J.
Vilabar Cafe, Inc. (Vilabar) was first issued a liquor license on August 30, 1963. The license was thereafter renewed for the normal one-year license period on March 1, 1964 and March 1, 1965. By notice of hearing dated March 22, 1965, the State Liquor Authority instituted a disciplinary proceeding pursuant to sections 118 and 119 of the Alcoholic Beverage Control Law to revoke or cancel Vilabar's license on the following charges: (1) that Manuel Vilas, one of Vilabar's two stockholders and an officer and director of the licensee, had concealed or suppressed in the licensee's application the fact of five arrests which had occurred between 1945 and 1950, and (2) that the licensee had violated section 65 of the Alcoholic Beverage Control Law in selling alcoholic beverages to intoxicated persons on two separate occasions in the immediately preceding license period. On November 4, 1965, the Authority adopted the findings of the hearing officer and sustained the charges, ordering that Vilabar's license be cancelled.
After the licensee's article 78 proceeding to review this cancellation had been removed from the Supreme Court, Kings County, to the Appellate Division, Second Department, that court unanimously annulled the determination of the Authority. Despite its conclusion that "there was substantial evidence to warrant the Authority's [factual] finding that petitioner was guilty of the two charges made against it," it nevertheless held that the Authority was "precluded by statute (Alcoholic Beverage Control Law, § 118) from invoking the charge that petitioner had concealed prior arrests of a person who was an officer * * * in its original application". (25 A D 2d 662 [2d Dept., 1966].) The second charge against the licensee was similarly dismissed on the theory that the Authority was estopped from canceling the license because of its renewal of same, irrespective of the fact that two violations upon which the charge was based had occurred in the license period immediately preceding the cancellation of its license.
A comparison of section 118 and rule 36 of the Rules of the State Liquor Authority (9 NYCRR Part 53) makes it evident that the limitation provision applicable to "cancellation" proceedings contained in 118 is applicable to "cancellation" proceedings instituted pursuant to rule 36 for fraud or concealment. Similarly, as a fraudulent misrepresentation concerning *191 the termination of outside employment in Hacker (infra) did not embody therein an underlying substantive violation of the Alcoholic Beverage Control Law (such as being a convicted felon or allowing someone not mentioned in the license to avail himself thereof [§§ 111, 126]), neither does the concealment of several arrests in the original application. We must bear in mind on this point that Vilas did disclose several arrests in the original application. On learning of additional arrests, the Authority gave Vilabar the opportunity to amend its application prior to the license being granted. Upon amendment, said license was granted, and it is five additional arrests hitherto unacknowledged by the licensee for which the charge under review was preferred against Vilabar. We need not consider whether such a concealment was of material facts, or whether the license would have been granted notwithstanding the concealment. (See Matter of Canada Dry Bottling Co. v. O'Connell, 284 App. Div. 370 [3d Dept., 1954], affd. 308 N.Y. 778 [1955]; Matter of College Point Wine & Liqs. v. O'Connell, 296 N.Y. 752 [1946].) The existence of an arrest record is no absolute bar to an applicant's obtaining or retaining a license, nor is it a substantive violation of the Alcoholic Beverage Control Law. Therefore, a fraudulent concealment relative thereto cannot be considered a continuing violation which would render the Statute of Limitations inapplicable (Matter of Hacker v. State Liq. Auth., 19 N Y 2d 177, decided herewith). The violation as to the fraudulent concealment in the application occurred in August of 1963, and proceedings against the licensee therefor were not commenced until March of 1965, after said license had been renewed twice. Since there is no continuing violation, since the fraud does not render the license void ab initio, and since there is no issue as to the tolling of the statute (because the proceedings were not commenced in the immediately following license period), the Appellate Division properly concluded that, as regards this particular charge, the Authority was precluded from disciplining the licensee because the short period of limitation contained in section 118 had transpired.
As in Hacker (supra), however, no estoppel theory can be invoked against the Authority. The relative merits (or lack thereof) of such a theory need not be repeated here. Suffice it to say that the Authority seemingly acted with exemplary dispatch *192 (the violations occurred in November, 1964; disciplinary proceedings were commenced the following March, and the license was ordered cancelled in November, 1965); it in no way misled the licensee into committing the violations (serving on two separate occasions persons who were already intoxicated); the licensee's unlawful conduct certainly warrants no equitable relief; and the licensee can show neither reliance on the renewal nor a detrimental change of position  the status quo remained unchanged. Again, there is no reason to compel the Authority to exact a stipulation as a condition to granting such a renewal, when the very section which includes the Statute of Limitations recognizes that a renewal in and of itself is to be considered no bar to revocation or cancellation proceedings.
Accordingly, as to the charge of serving liquor to already intoxicated persons, the order of the Appellate Division must be reversed and the determination of the State Liquor Authority confirmed. Since, however, we are sustaining only one of the two charges against the licensee for which its license was cancelled, the case must be remanded to the Authority for a redetermination of the punishment to be imposed. (Matter of Sacharoff v. Corsi, 296 N.Y. 927 [1947].)
Order reversed, with costs in this court and in the Appellate Division, and matter remitted to the State Liquor Authority for further proceedings in accordance with the opinion herein. (Matter of Sacharoff v. Corsi, 296 N.Y. 927 [1947].)