■ In the Matter of MICHAEL F. MARINO, Appellant, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— GABRIELLI, J. Appeal from a judgment dismissing an article 78 proceeding brought to review the determination of the Commissioner of Motor Vehicles canceling appellant's probationary operator's license. Eleven days following the issuance of a "probationary license" to the appellant, he was, upon a plea of guilty, convicted of a speeding violation on November 26, 1966. The parties agree that the license issued to the appellant was one authorized under subdivision 1-b of section 501 of the Vehicle and Traffic Law which provides that a license issued thereunder "shall be considered probationary only, for a period of six months from the date of issuance thereof" and further that upon a conviction of a violation (among other charges) of speeding, the license shall be cancelled. Provision is further made that when such cancellation occurs, "no new license shall be issued until at least sixty days after the date of such cancellation." (§ 501, subd. 1-b, par. b.) By the provisions of the above section, any license issued to the appellant for a period of six months thereafter was probationary in nature and effect. It is urged, however, that appellant was entitled to a hearing upon his allegation that "someone" advised him that a plea of guilty would have no effect on his license. Significantly, however, there is no such claim that the Magistrate so advised him, nor is there any allegation that the Magistrate failed to give the warning required by section 335-a of the Code of Criminal Procedure. In fact, it clearly appears that the appellant was actually advised by the Magistrate that a plea of guilty would subject him to a penalty and that in addition his license or interim permit would be "subject to the suspension and revocation as provided by law"; and further, that the traffic ticket issued to him contained the instructions required by section 335-a of the Code of Criminal Procedure. Special Term properly found that under such circumstances no hearing was required and that the determination of the Commissioner was correctly made. No constitutional rights of the appellant have either been infringed or violated and upon the facts in this case there is no occasion to resort to legislative or executive memoranda for the purpose of construing the statute where the wording thereof is plain and unambiguous. (See *Meltzer* v. *Koenigsberg,* 302 N. Y. 523, 525; *City of Buffalo* v. *Lawley,* 6 A D 2d 66, 68.) Appellant's reliance upon *Matter of Arcuri* v. *Macduff* (286 App. Div. 17) and *Matter of Zoll* v. *Hults* (20 A D 2d 496) is misplaced. In those cases, it appeared that there was a serious question as to whether the *Magistrate* had failed to give the warning required by section 335-a of the Code of Criminal Procedure. Here there is no denial that such a warning was given and that it appeared on the traffic ticket. The requirements of the statute were met. (See *Matter of Lewitus* v. *Tofany,* 28 A D 2d 1097.) Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.