Charles Lambiase, J.
This is a proceeding under article 78 of the Civil Practice Act brought by petitioner to review a determination of the Commissioner of Motor Vehicles of the State *751 of New York. He seeks to have an Order of said Commissioner annulled in which his operator’s license was revoked.
This matter originally came before another Justice of this court who, by an order entered July IS, 1957 in Monroe County, annulled the determination of the Commissioner revoking petitioner’s operator’s license and Ordered its return to petitioner. Upon appeal to the Appellate Division, Fourth Department, said order was reversed and the matter was remanded for further proceedings in accordance with the court’s opinion (7 A D 2d 460). Thereafter the proceeding came on before us where a trial of the issues without a jury was had.
On April 3,1957 the Commissioner of Motor Vehicles of the State of New York had before him documentary evidence, in the form of certificates of conviction, that petitioner had been three times convicted of a speeding violation within a period of 18 months. Each of the three certificates executed by the appropriate Magistrate contained affirmative proof that upon arraignment there had been due compliance with section 335-a of the Code of Criminal Procedure of the State of New York. Upon this proof the Commissioner was mandated by statute to revoke petitioner’s license, and the latter was not entitled to a hearing. (Vehicle and Traffic Law, § 71, subd. 2; Matter of Drasin v. Kelly, 6 A P 2d 453, 455.)
Section 335-a reads as follows: ‘1 The magistrate, upon the arraignment in this state of a resident of this state charged with a violation of the vehicle and traffic law, or other law or ordinance relating to the operation of motor vehicles or motor cycles, and before accepting a plea, must inform the defendant at the time of his arraignment in substance as follows: A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor Vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law. The giving of the foregoing instructions by means of a statement printed in bold red type in a size equal to at least twelve point type, upon a summons or ticket issued to a person charged with any such violation shall constitute compliance with the requirements of this section.”
Petitioner claims that pursuant to said section 335-a he should have been advised that his operator’s license would be revoked if he entered a plea of guilty to his third speeding conviction within an 18-month period; and that in each of the three speeding matters in which he was involved, section 335-a of the Code of Criminal Procedure required that such a warning be *752 given him. He contends that in two of these instances there was no compliance with said section 335-a at the time the plea of guilty was entered. It' appears that one of these violations took place on the State Thruway on October 3, 1956 and that the plea was entered before a Justice of the Peace in the Town of Manchester, New York. The second violation occurred in the Village of Cohoeton on January 28,1957, and the plea was taken and entered before the Police Justice of that village.
Attached to the petition is a certified photostat copy of the Thruway conviction in the Town of Manchester, New York which is identical in all respects with the one before the Commissioner except that it contains no affirmative statement that there had been a compliance with section 335-a at the time of the arraignment. It is now conceded by the Commissioner that upon arraignment the instruction contained in section 335-a was not given to the petitioner by the Magistrate even though the certified photostat copy of the certificate of conviction attached to the answer and return affirmatively sets out that it was given. Also, attached to the petition is a certified photostat copy of the certificate of conviction in the Police Court of Cohoeton, New York. This certificate is in all respects identical with the one attached to the return and answer herein, including the statement certifying that upon arraignment the instruction contained in section 335-a of the Code of Criminal Procedure was given to the petitioner by the Magistrate. The photostat copies of the foregoing certificates of conviction attached to the original answer and return of the Commissioner appear to be certified also by a “ deputy commissioner ” or a “ certification clerk ” in the Bureau of Motor Vehicles in the New York State Department of Taxation and Finance and bear the raised seal of that bureau. Those attached to the petition do not have the last-mentioned certification.
We consider at this point the Commissioner’s argument, made with great vigor, that petitioner’s position herein amounts to a collateral attack upon his determination herein which he contends may not be entertained in a proceeding of this kind. We are unable to agree with him. (Matter of Arcuri v. Macduff, 286 App. Div. 17, decision vacated on other grounds 1 A D 2d 733; Matter of Banks v. Kelly, 6 A D 2d 512; Matter of Christoff v. Kelly, 8 AD 2d 687.)
In the orderly consideration of this matter we consider the Manchester conviction first. It is the contention of the Commissioner that compliance was had in this instance in that a summons or ticket which was issued to the petitioner by the arresting officer at the time of his apprehension contained the *753 statement which is required by section 335-a printed in bold red type in size equal to at least 12-point type. Petitioner testified with reference to the Manchester conviction, among other things, that he was given a ticket or summons; that he in fact did not see any red writing or printing on it; and that he turned over the ticket to the Judge. The Commissioner did not produce the original yellow ticket which is the only ticket which it is claimed by him bears the statement of instruction or warning required by section 335-a, none of the other copies made contemporaneously therewith bearing the same. It was sufficiently explained on behalf of the Commissioner that the original ticket was not available although diligent search therefor had been made. However, as already indicated, the issue is not as to whether or no a ticket or summons was issued to the petitioner for he admits he received a ticket. The question is whether or no the ticket or summons which he received contained on it the statement or warning satisfying the requirements of section 335-a aforesaid.
We have come to the conclusion that original yellow ticket No. TD12395 was handed to the petitioner at the time of his apprehension on October 3, 1956, and that it was a uniform traffic ticket used on the New York State Thruway; that other tickets contracted for and printed at the same time as was said ticket No. TD12395 as part of a series had the required warning printed on the yellow original- in red type in bold face at least equal to 12-point type; and that original yellow ticket No. TD12395 contained the statement which constitutes com-’ pliance with section 335-a of the Code of Criminal Procedure.
We find that on the arraignment of the petitioner on the third day of October, 1956 before the Justice of the Peace, the latter did not read the instruction contained in section 335-a of the Code of Criminal Procedure as prescribed therein. However, we find that the Justice of the Peace was not required to read this section to the petitioner because there had been compliance with section 335-a in the form and content of the notice or warning appearing on the summons or ticket. Therefore, the petitioner’s application to annul the Commissioner’s revocation of the operator’s license and the suspension of the registration on the ground that the Justice failed to instruct the petitioner on his arraignment of the provisions of section 335-a of the Code of Criminal Procedure is denied. (Matter of Scalia v. Kelly, 2 Misc 2d 282; see, also, memorandum accompanying amendment to Code Crim. Pro., § 335-a, added by L. 1954, ch. 664.)
*754 Wé proceed now to the Blatter of thé Cohóótón conviction. Iil this connection petitioner testified that he paid a $15 fine; that he never received a traffic ticket; and that the ticket had Been handed to the Judge by the constable making the arrest. Police Justice Jóhú it. SOhibübuj before whom the plea in the Cohocton incident was taken, has died since petitioner appeared before Mm. Neither the traffic ticket nor secondary evidence thereof was produced. No one was produced by the Cofiimíesionef in connection with what took place at the time of the arrest and of the arraignment and of the plea of guilty. We do not know if the constable who made the arrest is living- but if living, the fact is that he was not made available to us and we have been deprived under either situation of whatever testimony he might have given in connection therewith. We must assume, therefore, upon the stale of the record, that ho ticket Was issued to petitioner as testified by him; and if indeed the warning required by section 385-a Was printed in the proper manner Upon the ticket in question, such fact would be of no benefit in showing compliance with the statute. Howévér, this does not completely dispose of the question before ns, añd Wé must Consider the effect on the question of compliance with the statute of the certificate of conviction signed by the Police Justice which contains the statement that he bad given the instructions required under section 335-a to the petitioner upon the arraignment.
This certificate was issued in the general Course Of the official duty of the Police Justice, and the general presumption is that no official Of person acting Under an oath of office will do anything contrary to his official duty or omit anything which his official duty requires to be done. (Matter of Marcellus, 165 N. Y. 70; Matter of Whitman, 225 N. Y. 1.) This presumption Compels the adversary to come forward witb affirmative evidence of unlawful or irregular conduct, but when the adversary does produce substantial contrary evidence, ‘ ‘ the presumption is out Of the Casé ”. (People v. Richetti, 302 N. Y. 290, 298.) Has the petitioner established the contrary by a fair preponderance Of the credible evidence? He himself is an interested witness. He produced no one except himself to tell ns about what occurred in Cohocton, New York. He, too, did not make available the constable as a Witness, if living, Who arrested him although Wé may presume perhaps that the latter might have been á hostile Witness.
We bave concluded that upon the record petitioner has .failed to meet the burden of overcoming the presumption of "regularity attending the certificate of conviction. Therefore, petitioner’s application to annul the Commissioner’s revocation of his oper *755 ator’s license on the ground that the Justice failed to instruct the petitioner on his arraignment of the provisions of section 335-a of the Code of Criminal Procedure must he and hereby is denied.
The petition must be and hereby is dismissed upon the merits, without costs.