Clarence J. Henry, J.
This is a proceeding instituted under article 78 of the Civil Practice Act to review an order of the Commissioner of Motor Vehicles which revoked the petitioner’s operator’s license pursuant to a certified conviction for violation of section 319 of the Vehicle and Traffic Law (operating without insurance).
The allegations of the petition are: that, on August 14, 1961, the petitioner was handed a summons charging him with operating a motorcycle without license plates by a police officer of the Town of Greece, Monroe County; that the petitioner appeared before a Court of Special Sessions in said town on *605 August 16, 1961, at which time the above charge and a second charge, of operating the motorcycle without being insured, were read to him; that, upon petitioner’s protest that he had not been operating the motorcycle and that he had received no summons on the insurance charge, the Magistrate displayed a summons ticket on that charge, which petitioner was given no opportunity to read; that the Magistrate inquired as to whether the petitioner had insurance and, upon receiving a negative answer, pronounced a fine of $15, and dismissed the license plate charge; that the petitioner was not warned in accordance with the provision of section 335-a of the Code of Criminal Procedure; that when the petitioner inquired as to the effect of the conviction upon his operator’s license, the Magistrate replied, substantially: “It depends on Albany; if you accumulate enough points within a specified time, they take your license away ’ ’; that, on October 28,1961, he received from the Commissioner of Motor Vehicles an order revoking his license on the ground of the above conviction.
A supporting affidavit executed by one Gary E. Lewis, a friend of the petitioner who was present at the proceedings before the Magistrate, corroborates the petitioner concerning the nature of the discussion between the latter and the Magistrate, and supports the denial that no warning under section 335-a was given. The affidavit adds new information to the effect that when the petitioner protested that he had only received a summons for operating without license plates, the police officer, who was present, stated that he had given the petitioner both summonses; and admitted, in response to a question by the Magistrate, that he had not seen the petitioner operating the motorcycle.
The Commissioner’s answer denies, among other things, the allegations of the petitioner concerning the two summonses and tlm proceedings before the Magistrate, upon lack of information or knowledge sufficient to form a belief. The return, incorporated therein, contains a photo static copy of the certificate of conviction received by the Commissioner which includes a certificate by the Magistrate “that upon arraignment the above instruction [§ 335-a — insertion mine] was given orally to the defendant ”.
The position taken by the Commissioner on the instant proceedings is that license revocation is mandatory upon conviction of the offense indicated in the certificate (see Vehicle and Traffic Law, §§ 318, 319), and that his act of revocation is not open to question, in an article 78 proceeding, through a collateral attack upon the manner in which the conviction was *606 obtained. While this position is sound insofar as what appears to have been a highly questionable method of achieving a plea of guilt — if such there was — is concerned (open to attack through appeal or coram nobis), and where failure to observe other code provisions are concerned (see Matter of Hickey v. Kelly, 9 A D 2d 386 — re § 335), it seems now to be well settled that the law is otherwise when the provisions of section 335-a are involved. In Matter of Arcuri v. Macduff (286 App. Div. 17, 22 [vacated on other grounds 1 A D 2d 733]), Mr. Justice Halpbku, writing for the Third Department, stated the applicable rule as follows: “ Where section 335-a has not been complied with, the defendant, at his option, may attack the validity of the conviction in the criminal proceeding or he may allow the conviction to stand and challenge its use as the basis for revocation or suspension under the Vehicle and Traffic Law.”
The decision further holds that, although the Commissioner is not required to conduct his own hearing and may accept the certificate of compliance with section 335-a as presumptive evidence, he is authorized and required to look into the matter and satisfy himself that the Magistrate has complied with the statute, and the “ reasonableness of [his action] is thereafter reviewable by a proceeding under article 78 ” (bracketed material mine). (See, also, Matter of Christoff v. Kelly, 8 A D 2d 687; Matter of Craft v. Kelly, 24 Misc 2d 750.)
The rectitude of the instant procedure having been recognized, ultimate determination as to whether the Commissioner’s act of revocation was unreasonable and arbitrary rests upon resolution of the underlying factual issues, to wit: (1) Was the petitioner orally warned by the Magistrate, upon arraignment, in accordance with section 335-a? While no affidavit appears in support of the affirmative of this question, an issue has been developed for the purpose of these proceedings by the denial, in the answer, of the petitioner’s negative allegation. The answer herein is deemed the equivalent of a pleading (see Matter of Wilder v. Straus-Duparquet, Inc., 5 A D 2d 1), and the denial in permissive statutory form (lack of knowledge of information sufficient to form a belief — Civ. Prac. Act, § 261) raises an issue of fact. Moreover, the Magistrate’s certification, in the return, that the oral warning was given lends support to the denial. (2) Did the petitioner waive oral warning by the Magistrate under conditions provided for in sections 335 and 335-a? The denial in the answer (again upon knowledge or information sufficient to form a belief) of *607 his claim of not having been served with the summons, and not having been given an opportunity to read any warning printed thereon, also raises a factual issue — not, it would seem, one of equal stature to the above issue in light of the fact that the latter denial is not supported by a certification of the Magistrate— but still calling for determination.
A hearing on these limited issues is required (Civ. Prac. Act § 1295; Matter of Craft v. Kelly, 7 A D 2d 460; Matter of Arcuri v. Macduff, 286 App. Div. 17, supra), and the matter is referred to a Special Term of this court for that purpose.