Jack Stanislaw, J.
By order to show cause plaintiffs (hereinafter referred to collectively as “ Walsh ”) move for reargument of the decision of this court (45 Misc 2d 600) dismissing *828 their complaint for failure to state a cause of action. Generally, Walsh bases this application upon ‘ ‘ points of law * * * overlooked, and * * * documents * * * executed, legislation * * * introduced, and new and additional facts which have come to light, all subsequent to the submission of the original motion ”. Among other things the defendant State Liquor Authority (hereinafter “Authority”) agrees that new matter has been presented, but then so much so that the court is not really being asked to reconsider the same case, but rather to originally consider a new one at this time.
Initially of paramount importance is the question relating to plaintiff’s ability to obtain a reconsideration of the previous decision. It appears that Walsh, in presenting argument on this point both orally and in briefs and affidavits additional to the original papers, seeks renewal rather than reargument. The latter theoretically relies upon counsel having inadvertently failed to point out, or the court having overlooked, controlling authority (Fosdick v. Town of Hempstead, 126 N. Y. 651), while the former essentially presents subsequently occurring authority or facts (Veeder v. Baker, 83 N. Y. 156; Matter of Baron, 140 N. Y. S. 2d 279). This motion can be accepted and determined as one for renewal, with the designation of it as for reargument to be disregarded as merely a technical impropriety (Matter of Baron, supra; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2221.03). We will, at any rate, reconsider this matter. The issues involved are of great significance. There also has been an arguably material change of fact which could make renewal a matter of right (Veeder v. Baker, supra), if not of the court’s discretion to extend leave, here granted.
The main additional relevant fact referred to above is this: that since the motion was first heard and just about coincident with the court’s memorandum the Authority notified at least one applicant for a new retail liquor license, by telegram, that his application had been approved. This approval was made subject to conditions which were identified a few days later. In a form letter to the applicant, which incidentally identifies his liquor license number, the conditions set forth were, briefly, that (1) doors have inside “ panic bars ” and no outside hardware; (2) outside stairway to a basement be sealed; (3) certification form filled in; (4) bond supplied; and (5) an additional license fee of $200 submitted.
The Authority asks that we consider the telegram and the following form letter merely as its gesture to good public relations, informing applicants of the potential availability of licenses (which they eagerly await). The Authority further *829 states that this procedure is not equivalent to a new license issued, and of course it is correct. However, an application has unquestionably been approved. The conditions attached to issuance cannot be said to call for any other act involving defendant’s discretion. In fact, this form letter specifically states that when the minor physical changes have been made and the necessary forms filed the license will be issued. Thus, so far as the real mechanics of approval or disapproval are concerned, the telegram and then the letter indicate with no small degree of certainty that defendant has concluded whatever duties of administrative choice it was going to perform.
With this development in mind it is appropriate here to briefly review this court’s previous stance. A motion to dismiss the complaint for declaratory judgment and injunction was granted. In attacking the legality and constitutionality of the Authority’s Bulletin No. 390 and rule 17 (cf. 9 NYCRR. 42.1 et seq.) Walsh pointed out that these documents amounted to a statement of the defendant’s general policy to purposefully grant all applications for new licenses. The bulletin clearly provides for unlimited acceptance of applications. It also declares the Authority’s aim to be the issuance of new licenses to all qualified persons except where “ there is a mandatory prohibition ”. Without necessarily applauding this language it was felt by the court, that that which plaintiff sought required first, a presumption of future illegal and unconstitutional action in the face of an equivocal policy statement at best, and second, a finding that this policy statement was improper per se. Stated general policies can and have been held improper, yet overriding presumptions of administrative legality have forced actual reliance upon them before such determinations (i.e., Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518). Since the complaint was addressed to a then dormant general policy” we dismissed it primarily as inadequate in the then existing situation.
With the sending of a simple telegram and letter the Authority has altered the legal relationship of the parties here. It is beyond question or further comment that, on a motion to dismiss, the allegations of fact of a complaint are deemed admitted. On the other hand, ‘ ‘ none of the legal conclusions averred nor any construction placed upon the contract by the pleader is so admitted (Red Robin Stores v. Rose, 274 App. Div. 462, 465).” (Carfizzi v. United Transp. Co. of R. I., 20 A D 2d 707, 708.) The complaint, it is true, speaks a great deal in terms of conclusions, which are not deemed admitted. However, in paragraphs “18” through “23” the pleading heretofore *830 hypothetical has become in part factual by the Authority’s recent activity as noted. That is, where previously the essence of the lawsuit was action to be taken by defendant, allegedly in excess of its jurisdiction, the necessity for making consecutive assumptions in order to validate the complaint has been eliminated. It still cannot be said that defendant’s more or less general rule is to be wrongfully applied, but the rule does exist and there have been steps taken possibly in excessive reliance on it. If the grammatical tense of the specified paragraphs is now read as in the present rather than the future imperfect then Walsh has a cause of action which will withstand a motion to dismiss.
When the Authority speaks of the new matter here as being so far removed that it adds up to a new case altogether it at least partially addresses its argument to plaintiff’s reliance on the notification of approval. As we have discovered, that matter is new only insofar as the complaint dealt with events which had not transpired when this motion was before the court for the first time. The happening of these subsequent transactions is germane to a renewal of that motion. We will hardly require another action altogether in order that pleadings be revised to speak as of a different time. In other words, we conclude that the later occurrence, defendant’s notification of conditional approval, is a valid basis for the reconsideration of the former decision (Greene v. Holz, 148 N. Y. S. 2d 291). It Should be added that this position is reached principally because the pleadings, as now viewed, do not necessarily rely on or assume that action will be taken which could be erroneous (cf. Daub v. State Liq. Auth., 45 Misc 2d 833). The lawsuit can proceed to a final adjudication on the solid and rational basis of something more than mere and total conjecture and assumption. Of course, we do not pass upon the merits at this time. Merely establishing a cause of action does not remove the presumption of the legitimacy of defendant’s acts (Matter of Craft v. Kelly, 24 Misc 2d 750, citing other authority), but the situation is now amenable to a practical test in line with plaintiff’s theory (Goodwill Adv. Co. v. State Liq. Auth., 40 Misc 2d 886).
In the dismissal of the action it was not deemed necessary or proper to explore at any great length the underlying availability of the remedy urged by Walsh, nor the over-all question of extrastatutory review (Alcoholic Beverage 'Control Law, § 121) of defendant’s acts. These problems, upon renewal, require amplified comment.
*831 The broad proposition that Walsh may utilize declaratory judgment procedure is not seriously disputed by the Authority, Despite the provisions of section 121 of the Alcoholic Beverage Control Law, counsel for the defendant practically conceded that this remedy is open to plaintiff. Declaratory judgment is useful and proper “ to avoid the multiplicity of suits and circuity of action, and because of the invalidity of the regulation so far as it is attacked, we consider that a declaratory judgment is the appropriate remedy to settle these controversies before they lead to the repudiation of obligations, the invasion of rights, or the commission of wrongs ” (Socony-Vacuum Oil Co. v. City of New York, 247 App. Div. 163, 167, affd. 272 N. Y. 668; see, also, New York Foreign Trade Zone Operators v. State Liq. Auth., 285 N. Y. 272; Acorn Employment Serv. v. Moss, 292 N. Y. 147; Goodwill Adv. Co. v. State Liq. Auth., supra). The only question decided here, incidentally, is that plaintiff has made out a case for declaratory judgment. The court again affirms that it cannot and does not now grant the ultimate relief sought (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45).
The need for an explicit statement regarding the particular points determined arises out of the unavoidable and often necessary impulse in this case, so far, to address argument to the merits. To the extent that such argument demonstrates the applicability of the form of the action to the instant situation it is valid, but its legal efficacy must be resolved at a later date with reference to the precise facts and issues to be established. Plaintiff’s continuing insistence that judgment can now be declared ignores the nature and status of the pleadings and of the motion decided here. It also ignores the propriety of affording defendant an opportunity to amplify its position and further respond and raise those points of law and fact which it feels might bear weightily on the issues. In this regard it must also be noted that even to this stage both sides have adduced extensive authority in support of their respective positions vis-a-vis the legal merits.
Finally, there is a serious problem of what interim relief, if any, is to be granted pending final adjudication. Walsh has demanded a permanent injunction against the Authority’s issuance of new licenses. In effect, however, a permanent injunction would follow declaratory judgment favorable to plaintiff. Thus, discussion can be limited to the availability at this time of either a preliminary injunction or a temporary restraining order (OPLB, art. 63).
*832 A- preliminary injunction is not to ¡be lightly granted. It can ■be assumed for our purposes here that the plaintiff has met the mmimum statutory standards preparatory to a granting of a preliminary injunction (CPLR 6301). Even so, such relief remains a matter within the court’s discretion. It is not necessary to examine each and every possible element of this discretion, for there is an aspect of this problem apparent, critical, pressing and eventually dispositive of it. Despite the vast ramifications of the ultimate relief sought here both permanently and temporarily, the court has before it simply a motion to dismiss the complaint. The motion can be considered, upon evidence submitted, as one for summary judgment (CPLR 3211, subd. [c]), but the posture of this action is such that constitutional and other issues remain to be fully established and fully controverted. In any event, plaintiff’s “ clear right ” to relief is not so readily apparent that injunctive relief can be granted without any further development of the facts and the law (Duro-Test Corp. v. Donaghy, 9 A D 2d 860; Jaymar’s, Inc. v. Schwartz, 37 Misc 2d 314; Yome v. Gorman, 242 N. Y. 395). The additional events already found sufficient to warrant renewal and then reinstatement of the complaint fall short of amounting to all those ultimate facts summarily determinative of the action or of the relief demanded. That issues are now properly raised is not to say that they have been simultaneously resolved. Moreover, approaching the question of the relief possible as one either for injunction or for summary judgment still leaves these issues and facts unresolved.
In the circumstances this court will not grant a preliminary injunction to the plaintiff, or even a temporary restraining order or stay pending appeal. The accusations of illegality and unconstitutional behavior are obviously not conceded, and there is a good deal of specific matter to be developed before plaintiff can be successful, if at all. In this respect, the initial decision herein remains valid. The claimed illegality or unconstitutionality is only a possibility, not a certainty. Meanwhile, of course, legality and constitutionality are presumed and at lea:st equally possible conclusions, depending upon facts and circumstances to be developed showing the application and interpretation by the Authority of its Bulletin No. 390 and rule 17.
Insofar as the prior dismissal of the complaint is concerned, this' motion is granted and that much of the original decision dismissing it vacated. In all other respects the motion is denied.